IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARREN LEE POWELL,

    **Plaintiff,**

    v.                                           CASE NO. 20-3074-SAC

JACK LAURIE, et al.,

    **Defendants.**

## ORDER TO SHOW CAUSE

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. On March 18, 2020, the Court entered an Order (Doc. 5) granting Plaintiff's motion for leave to proceed *in forma pauperis*, and assessing an initial partial filing fee of $59.00, calculated under 28 U.S.C. § 1915(b)(1). The Order granted Plaintiff fourteen days from receipt of the Order to submit the fee or to file an objection to the Order. Plaintiff has failed to pay the initial partial filing fee. Plaintiff is ordered to show good cause why this action should not be dismissed without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

Plaintiff has also filed a Motion to Certify as a Class (Doc. 2), seeking to certify his case as a class action. Plaintiff alleges that several of his claims affect the inmates at the Atchison County Jail as a whole. Although he does not specify who should be the class representative, Plaintiff is the only plaintiff that signed the Complaint. "A court may not certify a class unless it determines 'the representative parties will fairly and adequately protect the interests of the class." *Lewis v. Clark*, 577 F. App'x 786, 793 (10th Cir. 2014) (citing Fed. R. Civ. P. 23(a)(4)). "When the court reviews the quality of the representation under Rule 23(a)(4), it will inquire not only into the character and quality of the named representative party, but also it will consider the

1

quality and experience of the attorneys for the class." *Id*. (citation omitted).

The Tenth Circuit in *Fymbo v. State Farm Fire and Casualty Co.*, 213 F.3d 1320 (10th Cir. 2000), concluded that a "litigant may bring his own claims to federal court without counsel, but not the claims of others" because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" *Id*. at 1321(citation omitted). Thus, the pro se Plaintiff cannot adequately represent a class. Any request to certify a class is denied.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **April 24, 2020,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Certify as a Class (Doc. 2) is **denied.**

**IT IS SO ORDERED**.

**Dated April 7, 2020, in Topeka, Kansas.**

>**s/ Sam A. Crow**
>**Sam A. Crow**
>**U.S. Senior District Judge**